[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11244
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00306-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA MOJICA,
a.k.a. Ramiro Josh Salazar,

Defendant-Appellant.

_____

No. 09-11246
Non-Argument Calendar
_____

D. C. Docket No. 08-00298-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA MOJICA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(December 18, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

On August 23, 2000, a Middle District of Florida grand jury returned a three-count indictment charging appellant in Count 1 with armed bank robbery and in Counts 2 and 3 with bank robbery.[1] He pled guilty pursuant to a plea agreement to Counts 1 and 3 and the district court sentenced him to concurrent prison terms of 84 months and a 36 months' term of supervised release. He served his prison sentence and commenced his term of supervised release in October 2006.

On June 28, 2008, appellant attempted to rob two banks in Tampa, Florida. On July 7, 2008, the district court's probation office, having learned of these

---

[1] The Count 1 offense occurred on July 19, 2000 in Clearwater, Florida; the Count 2 offense occurred on August 2, 2000 in Temple Terrace, Florida; the Count 3 offense occurred on August 3, 2000 in Tampa, Florida.

events, obtained a warrant for his arrest for violating the conditions of his supervised release, and on July 16, 2008, a grand jury indicted him, in two counts, for the attempted bank robberies.

On August 27, 2008, appellant was arrested and taken into custody. On December 22, 2008, he pled guilty pursuant to a plea agreement to Count One of the July 16 indictment. On March 6, 2009, he appeared before the district court for sentencing on Count One and for a hearing on whether to revoke his supervised release. The court revoked the supervised release and sentenced appellant to prison for 36 months. The court then sentenced appellant to a consecutive 240 months' imprisonment on Count One. He now appeals these sentences. Regarding the Count One sentence, he contends that the sentence was procedurally and substantively unreasonable because the district court failed to make its reasoning sufficiently clear and because a within-guideline sentence would have been sufficient to address the concerns the court expressed. He further contends that, in light of the severity of the combined sentences, the court should have given notice of its intent to vary upward from the Guidelines sentence range and should have granted a continuance before imposing the variance.

I.

We review a sentence for reasonableness in a two-step process. First, we must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*Gall v. United States*, 552 U.S. 38, __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).[2]

In this case, no procedural error occurred. The district court adopted the undisputed facts and Guidelines sentence range set forth in the presentencing investigation report (PSI) and in the Probation Memorandum detailing appellant's violation of the terms of his supervised release. The court acknowledged the advisory nature of the Sentencing Guidelines, reviewed the § 3553(a) factors in

---

[2] Appellant failed to present his procedural-error objection to the district court. We therefore consider his objection for plain error only. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006) (addressing the clarity of an objection to a guideline calculation). In such a situation, the appellant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). We find no procedural error here, much less plain error.

detail,[3] explained why each one supported its position that statutory-maximum sentences were the "only" reasonable sentences under the circumstances, and explicitly referenced the statements appellant had made on his own behalf. Taken as a whole, the record shows that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

As for substantive reasonableness, the district court took into account appellant's drug addiction, his failure to adhere to his various treatment plans while in prison and on supervised release, and his own admission that he cared about nothing and no one while under the influence of drugs. The court also noted that he had committed each of his offenses while on probation or supervised release for the previous one, that the offenses had escalated from theft to armed robbery, and that he had taken advantage of the lenience that had been shown to him in the past.

---

[3] Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *Id.* (discussing § 3553(a)). The sentence must be no greater than necessary to punish, deter, protect the public, and provide the training and care outlined in the statute. § 3553(a).

It determined that nothing but incarceration would protect society from him, so he needed to be imprisoned for as long as possible. Although he argues that a sentence within his career offender guideline range would have been reasonable and sufficient, he has not proved that the district court made a clear error of judgment in the weight it gave to the frequency of his recidivism, the severity of his crimes, and his apparent inability or unwillingness to break the drug addiction to which he attributed his criminal conduct. The district court did not abuse its discretion by varying upward to the statutory maximum sentences.

## II.

Appellant objected in the district court to the lack of notice of the court's intention to vary from the guideline sentence range, but he did not request a continuance. To the extent that he argues that he was entitled to notice, we review the district court's conclusions of law *de novo*. *United States v. DeVegter*, 439 F.3d 1299, 1303 (11th Cir. 2006). To the extent that he argues that the district court should have granted a continuance *sua sponte*, we review for plain error only. *See Massey*, 443 F.3d at 818 (applying plain error review to an unclear objection to a guideline calculation); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (applying plain error where the defendant failed to raise a particular sentencing argument). To find plain error, we would have to conclude that the

court, acting on its own initiative, should have postponed sentencing. There is nothing in the record that indicating a need for a postponement. In short, there could be no plain error here.

When a district court is considering applying a departure not already identified in the PSI or other presentencing submissions, Federal Rule of Criminal Procedure 32 requires the court to give the parties reasonable notice of its intention to do so. *Irizarry v. United States* ("*Irizarry II*"), 553 U.S. __, 128 S.Ct. 2198, 2200, 171 L.Ed.2d 28 (2008) (discussing Rule 32). No such notice requirement applies to variances imposed under the § 3553(a) factors because "parties are inherently on notice that the [S]entencing [G]uidelines range is advisory . . . . [Therefore,] parties cannot claim unfair surprise or inability to present informed comment." *United States v. Irizarry* ("*Irizarry I*"), 458 F.3d 1208, 1212 (11th Cir. 2006), *aff'd*, *Irizarry II*, 553 U.S. at __, 128 S.Ct. at 2201-02.

Sound practice dictates that judges should ensure that the parties have all of the relevant information before the hearing and should give them an adequate opportunity to debate the relevant issues. *Irizarry II*, 553 U.S. at __, 128 S.Ct. at 2203. The Supreme Court has "recognize[d] that there will be some cases in which the *factual basis* for a particular sentence will come as a surprise to a defendant or the [g]overnment." *Id.* at __, 128 S.Ct. at 2203 (emphasis added). In such

7

situations, though, "[t]he more appropriate response . . . is not to extend the . . . notice requirement categorically, but rather for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial." *Id.* In the ordinary case, counsel

> will anticipate most of what might occur at the sentencing hearing—based on the trial, [PSI], the exchanges of the parties concerning the [PSI], and the preparation of mitigation evidence. Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise . . . .

*Id.* (quoting *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir. 2008) (*en banc*) (first alteration in original)).

In this case, the district court applied a variance pursuant to § 3553(a), not a departure pursuant to the Guidelines. The district court did not err in finding that it had not been required to provide notice of its intent to do so. Appellant's argument that the interests of justice required notice under the circumstances is without merit, as he has not alleged that "the factual basis for [the] particular sentence . . . c[a]me as a surprise" or that the district court relied on anything other than "[g]arden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth" in reaching its decision. *Irizarry II*, 553 U.S. at __, 128 S.Ct. at 2203.

For the foregoing reasons, appellant's sentences are

AFFIRMED.